IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CARLOS MUHAMMAD : CIVIL ACTION
:
v. :
:
FREDDIE HARRIS, PAROLE AGENT, et al. : NO. 13-2364

MEMORANDUM

JONES, J.                                    MAY 13, 2013

Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights lawsuit against the Secretary of the Pennsylvania Board of Probation and Parole, five parole agents, a parole manager, and a parole hearing examiner. He is alleging that his constitutional rights were violated when his parole was revoked in 2009. In his prayer for relief, he is seeking money damages and immediate release from incarceration.

The Supreme Court has held that civil rights claims are most analogous to common law tort actions, and are subject to the state statute of limitations for personal injury actions. See Owens v. Okure, 488 U.S. 235 (1989). The Pennsylvania statute of limitations on a personal injury action is two years. See 42 Pa. Cons. Stat. Ann. § 5524. Plaintiff alleges that his constitutional rights were violated when his parole was revoked in 2009. He filed this civil action on April 26, 2013. Therefore, he is now time barred from bringing his claims.

Furthermore, plaintiff may not recover damages for allegedly unconstitutional confinement unless his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (Heck barred claim challenging constitutionality of parole revocation decision). Plaintiff does not allege, and it does not appear from the complaint, that his parole violation has been overturned or otherwise invalidated.

Finally, in his prayer for relief, plaintiff is requesting that he be released from incarceration. Such a request may only be brought in a petition for a writ of habeas corpus, not a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973).

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, plaintiff will not be given leave to amend because amendment would be futile, as he cannot cure the above deficiencies in his complaint.